IN THE SUPERIOR COURT OF WASHINGTON
IN AND FOR THE COUNTY OF KING

| | |
|---|---|
| DANIELLE LLERA, | ) |
| | ) Case No. 19-2-06283-5 SEA |
| Plaintiff, | ) |
| vs. | ) |
| | ) FIRST AMENDED COMPLAINT |
| TECH MAHINDRA (AMERICAS) INC., a Delaware Corporation, | ) |
| | ) |
| Defendant. | ) |

COMES NOW the Plaintiff, Danielle Llera, by and through her attorneys, and alleges as follows:

### I. PARTIES

1.1     Plaintiff Danielle Llera (hereinafter, "Llera") is a citizen of the United States and a permanent resident of King County, Washington at all times material to this action.

1.2     Upon information and belief, Defendant Tech Mahindra (Americas), Inc. (hereinafter, "Tech Mahindra") is a Delaware Corporation headquartered in Plano, Texas.

### II. JURISDICTION AND VENUE

2.1     Tech Mahindra transacts business in King County and has an office for the transaction of business in King County.

2.2     Venue is proper in King County, Washington, pursuant to RCW 4.12.025.

COMPLAINT - 1

BEAN LAW GROUP
Denny Building, Suite 500
2200 Sixth Avenue
Seattle, WA 98121
(206) 522-0618

2.3 The parties have consented to the jurisdiction of the King County Superior Court pursuant to the October 27, 2015 contract with Plaintiff.

## III. FACTS AND CIRCUMSTANCES

The following factual allegations are not intended to be exhaustive in nature and are written solely to provide notice to the Defendant of the general nature of Plaintiff's complaint.

3.1 Plaintiff Llera was hired by Tech Mahindra on October 28, 2015, as the Client Partner for T-Mobile USA and was paid commensurate as Regional Manager for sales. Plaintiff was hired in part due to her ongoing relationship with key personnel at T-Mobile. During her interview, Llera was told that Tech Mahindra had been trying, without success, to obtain T-Mobile as a client, despite seven years of effort.

3.2 Upon her hire, Llera worked diligently to develop relationships within T Mobile on Tech Mahindra's behalf.

3.3 As a result of these meetings, Llera learned of a very large project at T-Mobile that would outsource T-Mobile's Enterprise Resource Planning and SAP platform.

3.4 Llera was identified as the "L1" for T-Mobile USA in her Sales Target Sheet for FY 16-17. (See Appendix A to this complaint.)

3.5 As a result of Llera's efforts, Tech Mahindra was invited to submit a response to a Request for Proposal.

3.6 Thereafter, Llera's role in the sales effort was diminished, and she was omitted from executive-level conversations and meetings about the sale.

3.7 Tech Mahindra was ultimately awarded a contract with T-Mobile with a value in excess of $100,000,000. Tech Mahindra and T-Mobile signed a letter of intent on or about December 9, 2016, and commenced work on the project on January 3, 2017.

COMPLAINT - 2

BEAN LAW GROUP
Denny Building, Suite 500
2200 Sixth Avenue
Seattle, WA 98121
(206) 522-0618

3.8   During the ten-month period following the commencement of Tech Mahindra's work, Llera repeatedly requested information about the EBITDA on the account so as to determine how much and when her commission would be paid.

3.9   At no point did anyone from Tech Mahindra inform Llera of the amount of her commission, when she would receive the commission, or that she would not receive a commission.

3.10   Upon information and belief, no one else at Tech Mahindra was identified as an "L1" with T-Mobile, and thus no one at Tech Mahindra was paid the commission owed to Llera.

3.11   Upon information and belief, several employees of Indian descent were made "L2" with T-Mobile in FY 17-18—*after* Tech Mahindra commenced work on the project. Upon information and belief, those employees received commissions on the sale.

3.12   Plaintiff is Caucasian. During Llera's employment, Llera was not paid commission and marginalized in substantial part and because of her race and ethnicity.

3.13   Llera felt increasingly discriminated against at Tech Mahindra and voiced her concern in this regard. After Plaintiff received no information from Tech Mahindra about her commission or assurance that she would ever be paid a commission, Llera was constructively discharged and submitted her notice of resignation.

3.14   Prior to the effective date of her resignation, Tech Mahindra terminated Llera, and failed to pay her in accordance with its written agreement with Llera.

### IV.   WASHINGTON LAW AGAINST DISCRIMINATION

4.1   Plaintiff re-alleges and incorporates by reference paragraphs I-III.

4.2   Plaintiff was subjected to race and/or national origin discrimination in violation of RCW 49.60.

COMPLAINT - 3

BEAN LAW GROUP
Denny Building, Suite 500
2200 Sixth Avenue
Seattle, WA 98121
(206) 522-0618

## V. FAILURE TO PAY WAGES DUE

5.1   Plaintiff re-alleges and incorporates by reference paragraphs I-III.

5.2   Plaintiff was not paid commissions as due and owing in violation of RCW 49.48.010 and RCW 49.52.050.

5.3   Tech Mahindra has willfully failed to pay Llera commissions she is owed as the L1 assigned to T-Mobile USA during her employment.

5.4   Tech Mahindra failed to pay Llera in accordance with paragraph 15 of the October 27, 2015 letter offering employment to Llera, to which Llera agreed.

## VI. 42 U.S.C. §1981(a)

6.1   Plaintiff re-alleges and incorporates by reference paragraphs I-III.

6.2   Tech Mahindra favored its employees of Indian descent over Plaintiff.

6.3   Plaintiff was entitled to commissions as a result of her sales contract with Tech Mahindra.

6.4   Plaintiff was marginalized from the T-Mobile sale and not paid a commission due to her race or ethnicity.

6.5   Plaintiff was constructively discharged due to her race or ethnicity.

## VII. BREACH OF CONTRACT

7.1   Defendant is in breach of the October 27, 2015 contract with Plaintiff, specifically paragraph 15.

## VIII. RELIEF REQUESTED

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

COMPLAINT - 4

BEAN LAW GROUP
Denny Building, Suite 500
2200 Sixth Avenue
Seattle, WA 98121
(206) 522-0618

8.1     Plaintiff requests this court to find in favor of Plaintiff and against Defendant on Plaintiff's cause of action and claims.

8.2     Plaintiff requests this court to award general and special damages, including damages for emotional distress, back pay with interest to accrue thereon, reinstatement or front pay in lieu of reinstatement, in amounts to be proven at trial with interest accruing thereon.

8.3     Plaintiff seeks reasonable attorney's fees and costs, including expert witness fees, whether statutory or equitable, to be assessed herein, as provided by RCW 49.60.030, 49.52.070, and 42 U.S.C. 1988(b).

8.4     Plaintiff seeks punitive damages pursuant to 42 U.S.C. 1981(a).

8.5     Plaintiff seeks such further and additional equitable, injunctive, or other legal relief as the court deems just and equitable.

DATED: this 19th day of March, 2019:

BEAN LAW GROUP

_____
Matthew J. Bean, WSBA #23221
Cody Fenton-Robertson, WSBA #47879
Attorneys for Plaintiff

COMPLAINT - 5

BEAN LAW GROUP
Denny Building, Suite 500
2200 Sixth Avenue
Seattle, WA 98121
(206) 522-0618

**Tech Mahindra**

| | | | SALES TARGET SHEET FOR FY'16-17 | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Name | | | Danielle Marie Llera | | Associate Id | | 441309 | | |
| IBG | | | SEU05_GEU1 | | IBU | | SEU05-07 | | |
| Reporting Manager | | | Sumit Grover | | Location | | Washington | | |
| Role | | | Regional manager - Sales | | Layer of Associate | | L1 | | |
| Team Reporting To Associate | | | | | On Target Incentive on Existing Customers ($) | | 20850 | | |
| Customer | | Customer Category | FY'17 Revenue Target in USD Mn | | | | | | |
| | LAYER | GROWTH/ DE-GROWTH/ STABLE | BASE REVENUE | INCREMENTAL REVENUE | TOTAL FY17 | Q1 FY'17 | Q2 FY'17 | Q3 FY'17 | Q4 FY'17 |
| Existing Customer - Targets | | | | | | | | | |
| T-Mobile USA | L1 | GROWTH | 1.22 | 1.78 | 3 | 0.66 | 0.72 | 0.78 | 0.84 |
| TOTAL | | | 1.22 | 1.78 | 3 | 0.66 | 0.72 | 0.78 | 0.84 |
| Target EBITDA % (Existing Customers) | | | | | 17.44% | | | | |
| | | | | | | | | | |
| Grand Total | | | | | 3 | 0.66 | 0.72 | 0.78 | 0.84 |
| *NOTE:Grand Total L1 (includes Reportees) | | | | | | | | | |

The undersigned Associate of Tech Mahindra Limited (or its applicable legal entity) hereby acknowledges that he/she has been designated by the Company to participate in the 'Sales Incentive Policy for 2016 – 17 (applicable effective 1st Apr '16 thru 31st Mar '17) (the 'PLAN'), a copy of which has been provided to the undersigned. The undersigned further acknowledges and agrees that the payment of any incentive and/or other benefits under the PLAN shall be governed solely by the terms and conditions of the PLAN. The undersigned expressly acknowledges the right of Tech Mahindra Limited (or its applicable legal entity) to modify, amend or alter any terms, provision or condition of the PLAN, including commission structure, with respect to all Sales Associates or only with respect to the undersigned. The details of this communication being confidential, the undersigned acknowledges not to disclose the same to others.

# APPENDIX A