UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DANIELLE LLERA,

          Plaintiff,

    v.

TECH MAHINDRA (AMERICAS) INC.,

          Defendant.

NO. C19-0445RSL

ORDER DENYING MOTION FOR REMAND

This matter comes before the Court on plaintiff's "Motion to Remand to King County Superior Court." Dkt. # 10. Having reviewed the memoranda, declaration, and exhibit submitted by the parties, the Court finds as follows:

Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." Defendant removed this action to federal court on the basis of federal question jurisdiction. Dkt. # 1. Plaintiff concedes that this Court has jurisdiction over the case on both diversity and federal question grounds. Dkt. # 10 at 2. Nevertheless, plaintiff moves to remand based on a contractual provision which she interprets as a waiver of the right to remove. The provision in question is bilateral and reads in relevant part, "[a]ny claims for damages for breach of this Agreement shall be made in the courts of competent

ORDER DENYING MOTION
FOR REMAND - 1

jurisdiction in USA and the parties agree to submit to the personal jurisdiction of such courts."

Removing a suit from state to federal court is based on statute and is a matter of right if the statutory prerequisites are met. The right can be waived, however, by contractual agreement or by clear and unequivocal conduct. Snapper, Inc. v. Redan, 171 F.3d 1249, 1260-61 (11th Cir. 1999); Kenny v. Wal-Mart Stores, Inc., 881 F.3d 786, 790 (9th Cir. 2018); Clorox Co. v. U.S. Dist. Court for the N. Dist. of Cal., 779 F.2d 517, 520-21 (9th Cir. 1985). Plaintiff does not identify any conduct in the state court that could give rise to a waiver, so the issue is whether the contractual jurisdiction provision waived the parties' right to remove.

Washington's general rules of contract interpretation govern the analysis. Considering the ordinary meaning of the words chosen by the parties, the subject matter and purpose of the contract, the circumstances of its making, the subsequent conduct of the parties, and the reasonableness of the interpretations urged by the parties (see Nye v. Univ. of Wash., 163 Wn. App. 875, 882-83 (2011)), the Court finds that the provision requires only that the party being sued submit to the personal jurisdiction of whatever court the suing party chooses when seeking damages for breach of the employment contract. The contract does not state that the chosen court has exclusive jurisdiction, however. See N. Cal. Dist. Council of Laborers v. Pittsburg-Des Moines Steel Co., 69 F.3d 1034, 1037 (9th Cir. 1995) ("To be mandatory, a clause must contain language that clearly designates a forum as the exclusive one."); Hunt Wesson Foods, Inc. v. Supreme Oil Co., 817 F.2d 75, 76-77 (9th Cir. 1987) (contract provision stating that the "courts of California, County of Orange, shall have jurisdiction over the parties" provides for jurisdiction in that court but "says nothing about the Orange County courts having exclusive jurisdiction"). Nor does it mandate a specific venue within the United States or reflect a promise

ORDER DENYING MOTION
FOR REMAND - 2

not to remove once personal jurisdiction in a forum is conceded. In short, there is no indication that the parties intended to waive their right to remove.

The jurisdiction provision in this case is nothing more than a waiver of a personal jurisdiction defense: the parties are precluded from arguing that they lack minimum contacts with any forum in the United States or that the exercise of jurisdiction in a given forum would be inconsistent with due process and traditional notions of fair play and substantial justice. In keeping with that provision, defendant has not challenged the state court's power to exercise jurisdiction over its person. Rather, it conceded jurisdiction in Washington and exercised its statutory right to have the federal court for the district embracing King County hear the case: defendant has not run afoul of its promise not to contest personal jurisdiction in Washington. See City of New Orleans v. Mun. Admin. Servs., Inc., 376 F.3d 501, 506 (5th Cir. 2004) (contractual provision yielding to the jurisdiction of a specified court and waiving "any pleas of jurisdiction" based on residence simply waives challenges to jurisdiction, not the right to remove); In re Delta Am. Reins. Co., 900 F.2d 890, 893 (6th Cir. 1990) ("The right of removal, however, in no way interferes with in personam jurisdiction."); Spenlinhauer v. R.R. Donnelley & Sons Co., 534 F. Supp.2d 162, 163 (D. Maine 2008) ("The removal here does not amount to an attack on personal jurisdiction . . . ."); Continental Cas. Co. v. LaSalle Re Ltd., 500 F. Supp.2d 991, 995 (N.D. Ill. 2007) ("A general consent to the jurisdiction of a particular court does not, however, adequately demonstrate a waiver of defendant's statutory right to remove.").[1]

---

[1] The Court acknowledges that there are a number of insurance coverage cases which equate a promise to submit to a court's jurisdiction with a waiver of the right to remove. See Foster v. Chesapeake Ins. Co., Ltd., 933 F.2d 1207, 1216-17 (3d Cir. 1991); City of Rose City v. Nutmeg Ins. Co., 931 F.2d 13, 16 (5th Cir. 1991); Dinallo v. Dunav Ins. Co., 672 F. Supp.2d 368, 370-71 (S.D.N.Y. 2009); Archdiocese of Milwaukee v. Underwriters at Lloyd's, London, 955 F. Supp. 1066, 1068-69

ORDER DENYING MOTION
FOR REMAND - 3

For all of the foregoing reasons, the Court finds that there is no contractual bar to removal. The motion for remand is DENIED.

Dated this 30th day of July, 2019.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

---

(E.D. Wis. 1997). These cases generally involve the same "service of suit clause" that was discussed in Gen. Phoenix Corp. v. Malyon, 88 F. Supp. 502 (S.D.N.Y. 1949), and upon which plaintiff relies in this case. That clause not only contains an agreement to submit to the jurisdiction of whatever court the insured chooses, but also provides that all matters arising in the case will be determined in accordance with the law and practice of that court and that the insurer agrees to abide by the final decision of that court. Reasoning that "[o]ne may not determine matters in accordance with the law and practice" of state court when you are in federal court and removal from state court prevents a final decision (much less abidance with that decision), the Malyon court found that the service of suit provision constitutes a waiver of the privilege of removal. Id. at 503. The jurisdiction provision in this case is materially different, and the interpretive rules of Washington call for a different result.

ORDER DENYING MOTION
FOR REMAND - 4