**UNITED STATES DISTRICT COURT**
WESTERN DISTRICT OF WASHINGTON
UNITED STATES COURTHOUSE
700 STEWART STREET
SEATTLE, WASHINGTON 98101

**ROBERT S. LASNIK**
DISTRICT JUDGE                                                                                                      (206) 370-8810

October 30, 2019

Matthew J. Bean                                    Mark Konkel
Bean Law Group                                   Kelly Drye & Warren (NY)
2200 Sixth Avenue, Suite 500              101 Park Avenue
Seattle, WA 98121-1843                      New York, NY 10178

**Delivered Via CM/ECF**

      RE:    Llera v. Tech Mahindra (Americas) Inc., C19-0445RSL
                 Stipulated Protective Order

Dear Counsel:

On October 25, 2019, the Court received your proposed "Stipulated Protective Order." Dkt. # 24.

Pursuant to Fed. R. Civ. P. 26(c), protective orders may be entered to protect parties from annoyance, embarrassment, or undue burden or to protect confidential commercial information. Such protective orders may issue upon a showing of good cause.

Although parties may agree on confidentiality among themselves, when they request that the Court be involved, the proposed order must be narrowly drawn, identifying both the type of information that is to be protected and, if not obvious, the reason such protection is warranted. The order must also comply with the applicable federal and local procedural rules.

The agreed protective order submitted in this case is deficient in that it is too broad and gives too much discretion to the parties to designate information as "confidential." The order mentions types of information that may, in fact, be confidential, such as "confidential information relating [to] Defendant's . . . customer . . . lists" and "plaintiff's medical records." These categories are part of a long list of generic corporate documents

that the parties deem "confidential." More importantly, they are only examples of what may be protected from disclosure. The proposed order provides that "any other information agreed upon by the parties during the course of litigation" will also be subject to the protective order. Thus, the extensive list provided does not limit the scope of the order, and the parties are essentially seeking protection for anything they choose to identify as "confidential."

Any protective order entered by the Court must clearly identify the class or type of documents subject to the order and the need for confidentiality. The agreed protective order received by the Court will remain lodged in the file, but will not be entered. The parties may resubmit a proposed order if they remedy the deficiencies identified in this letter.

Sincerely,

Robert S. Lasnik
United States District Judge