**The Honorable Robert S. Lasnik**

1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8

9

DANIELLE LLERA,

Plaintiff,

10

NO.  2:19-cv-00445-RSL

**PROTECTIVE ORDER**

v.

11

TECH MAHINDRA (AMERICAS) INC., a
Delaware Corporation,

12

Defendant.

13

14   1.   PURPOSES AND LIMITATIONS

15         Discovery in this action involves production of confidential, proprietary, or private

16   information for which special protection is warranted. Specifically, Plaintiff has requested

17   information related to Defendant's customers, including customer contracts, revenue and

18   financial information related to such customers, and Defendant's policies as it relates to

19   incentive plans and commissions for Defendant's employees.

20         Accordingly, Defendant hereby petitions the Court to enter the following Protective

21   Order. The parties acknowledge that this agreement is consistent with LCR 26(c). It does not

22   confer blanket protection on all disclosures or responses to discovery. The protection it affords

23   from public disclosure and use extends only to the limited information or items that are entitled

Ryan, Swanson & Cleveland, PLLC
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3034
206.464.4224  |  Fax 206.583.0359

1 to confidential treatment under the applicable legal principles, and it does not presumptively

2 entitle parties to file confidential information under seal.

3 2.   <u>"CONFIDENTIAL" MATERIAL AND "ATTORNEY'S EYES ONLY"</u>

4 "Confidential" material shall include without limitation the following documents and

5 tangible things produced or otherwise exchanged:

6 (a) Confidential information regarding Defendant's customers, including

7 services provided to customers, contracts with customers, and financial information related to

8 Defendant's customers, specifically T-Mobile USA;

9 (b) Confidential information regarding Defendant's business strategies and

10 business plans;

11 (c) Confidential information relating Defendant's sales incentive plans and

12 commission and bonus structures; and

13 (d) Confidential information relating to commissions and/or bonuses paid to

14 Defendant's employees.

15 The parties may, in the course of producing documents, designate documents or material

16 as "Attorney's Eyes Only"; however, a party may oppose such designation as set forth in

17 Section 6 below.

18 3.   <u>SCOPE</u>

19 The protections conferred by this agreement cover not only confidential material (as

20 defined above), but also (1) any information copied or extracted from confidential material; (2)

21 all copies, excerpts, summaries, or compilations of confidential material; and (3) any deposition

22 testimony marked confidential by any attorney attending the deposition.

23 However, the protections conferred by this agreement do not cover information that is

Ryan, Swanson & Cleveland, PLLC
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3034
206.464.4224  |  Fax 206.583.0359

in the public domain or becomes part of the public domain through trial or otherwise.

4.      ACCESS TO AND USE OF CONFIDENTIAL MATERIAL

4.1      Basic Principles. A receiving party may use confidential material that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Confidential material may be disclosed only to the categories of persons and under the conditions described in this agreement. Nothing in this agreement shall be construed to limit in any way any party's or non-party's use of its own confidential material, nor shall it affect any person's or entity's subsequent waiver of its own prior designation with respect to its own confidential material.

4.2      Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the designating party, a receiving party may disclose any confidential material only to:

(a)      the receiving party's counsel of record in this action, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b)      the officers, directors, and employees (including in house counsel) of the receiving party to whom disclosure is reasonably necessary for this litigation, unless the parties agree that a particular document or material produced is for Attorney's Eyes Only and is so designated;

(c)      experts and consultants to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)      the court, court personnel, and court reporters and their staff;

RS   Ryan, Swanson & Cleveland, PLLC
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3034
206.464.4224  |  Fax 206.583.0359

(e)     copy or imaging services retained by counsel to assist in the duplication of confidential material, provided that counsel for the party retaining the copy or imaging service instructs the service not to disclose any confidential material to third parties and to immediately return all originals and copies of any confidential material;

(f)     Witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the designating party or ordered by the Court.

(g)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h)     any other person, only upon order of the Court or with the written consent of the party producing the confidential material.

4.3     <u>Filing Confidential Material</u>. Before filing confidential material or discussing or referencing such material in court filings, the filing party shall confer with the designating party, in accordance with Local Civil Rule 5(g)(3)(A), to determine whether the designating party will remove the confidential designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted. During the meet and confer process, the designating party must identify the basis for sealing the specific confidential information at issue, and the filing party shall include this basis in its motion to seal, along with any objection to sealing the information at issue.  Local Civil Rule 5(g) sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.  A party who seeks to maintain the confidentiality of its information must satisfy the requirements of Local Civil Rule 5(g)(3)(B), even if it is not the party filing the motion to seal.  Failure to satisfy this requirement will result in the motion to

Ryan, Swanson & Cleveland, PLLC
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3034
206.464.4224  |  Fax 206.583.0359

1   seal being denied, in accordance with the strong presumption of public access to the Court's

2   files.

3   5.      DESIGNATING PROTECTED MATERIAL

4       5.1     Exercise of Restraint and Care in Designating Material for Protection. Each

5   party or non-party that designates information or items for protection under this agreement must

6   take care to limit any such designation to specific material that qualifies under the appropriate

7   standards. The designating party must designate for protection only those parts of material,

8   documents, items, or oral or written communications that qualify, so that other portions of the

9   material, documents, items, or communications for which protection is not warranted are not

10  swept unjustifiably within the ambit of this agreement.

11      Mass, indiscriminate, or routinized designations are prohibited. Designations that are

12  shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to

13  unnecessarily encumber or delay the case development process or to impose unnecessary

14  expenses and burdens on other parties) expose the designating party to sanctions.

15      If it comes to a designating party's attention that information or items that it designated

16  for protection do not qualify for protection, the designating party must promptly notify all other

17  parties that it is withdrawing the mistaken designation.

18      5.2     Manner and Timing of Designations. Except as otherwise provided in this

19  agreement (see, *e.g.*, second paragraph of section 5.2(a) below), or as otherwise stipulated or

20  ordered, disclosure or discovery material that qualifies for protection under this agreement must

21  be clearly so designated before or when the material is disclosed or produced.

22          (a)     Information in documentary form: (*e.g.*, paper or electronic documents

23  and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial

RS   Ryan, Swanson & Cleveland, PLLC
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3034
206.464.4224  |  Fax 206.583.0359

proceedings), the designating party must affix the word "CONFIDENTIAL" to each page that contains confidential material. If only a portion or portions of the material on a page qualifies for protection, the producing party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

(b)     Testimony given in deposition or in other pretrial proceedings: the parties and any participating non-parties must identify on the record, during the deposition or other pretrial proceeding, all protected testimony, without prejudice to their right to so designate other testimony after reviewing the transcript. Any party or non-party may, within 30 days after receiving the transcript of the deposition or other pretrial proceeding, designate portions of the transcript, or exhibits thereto, as confidential.  If a party or non-party desires to protect confidential information at trial, the issue should be addressed during the pre-trial conference.

(c)     Other tangible items: the producing party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the word "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the producing party, to the extent practicable, shall identify the protected portion(s).

5.3     Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the designating party's right to secure protection under this agreement for such material. Upon timely correction of a designation, the receiving party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this agreement. For purposes of this section, a correction will be timely if the designating party issues the correction in writing within 30 days of producing the documents at issue, or 30 days following the original deadline to designate testimony confidential.

Ryan, Swanson & Cleveland, PLLC
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3034
206.464.4224  |  Fax 206.583.0359

6.     <u>CHALLENGING CONFIDENTIALITY AND ATTORNEY'S EYES ONLY DESIGNATIONS</u>

6.1     <u>Timing of Challenges</u>. Any party or non-party may challenge a designation of confidentiality or attorney's eyes only at any time. Unless a prompt challenge to a designating party's confidentiality or attorney's eyes only designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality or attorney's eyes only designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2     <u>Meet and Confer</u>. The parties must make every attempt to resolve any dispute regarding confidential and attorney's eyes only designations without court involvement. Any motion regarding confidential or attorney's eyes only designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting or a telephone conference.

6.3     <u>Judicial Intervention</u>. If the parties cannot resolve a challenge without court intervention, the designating party may file and serve a motion to retain confidentiality under Local Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable). The burden of persuasion in any such motion shall be on the designating party. Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions. All parties shall continue to

RS  Ryan, Swanson & Cleveland, PLLC
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3034
206.464.4224  |  Fax 206.583.0359

maintain the material in question as confidential until the court rules on the challenge.

7.     <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER</u>
<u>LITIGATION</u>

If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that party must:

(a)     promptly notify the designating party in writing and include a copy of the subpoena or court order;

(b)     promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this agreement. Such notification shall include a copy of this agreement; and

(c)     cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose confidential material may be affected.

8.     <u>SECURITY OF PROTECTED MATERIAL</u>

Any person in possession of another party's confidential material shall exercise the same care with regard to the storage, custody, or use of such confidential material as they would apply to their own material of the same or comparable sensitivity. A receiving party must take reasonable precautions to protect confidential material from loss, misuse and unauthorized access, disclosure, alteration and destruction, including but not limited to:

(a)     Any confidential material obtained or downloaded from the litigation support sites, in electronic format shall be stored only on devices (e.g. laptop, tablet, smartphone, thumb drive, portable hard drive) that are password protected and/or encrypted with access limited to persons entitled to access the confidential material under this agreement. If the user is unable

RS   Ryan, Swanson & Cleveland, PLLC
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3034
206.464.4224  |  Fax 206.583.0359

to password protect and/or encrypt and/or encrypt the device, then the confidential material shall be password protected and/or encrypted at the file level.

(b)   Confidential material in paper format is to be maintained in a secure location with access limited to persons entitled to access the confidential material under this agreement.

9.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a receiving party learns that, by inadvertence or otherwise, it has disclosed confidential material to any person or in any circumstance not authorized under this agreement, the receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosures within three (3) business days of the receiving party's discovery of the breach and cooperate with the producing party or law enforcement in investigating any such security incident, (b) use its best efforts to retrieve all unauthorized copies of the protected material and to ensure that no further or greater unauthorized disclosure and/or use thereof is made, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this agreement, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

Unauthorized or inadvertent disclosure does not change the status of the confidential material or waive the right to hold the disclosed confidential materials as protected by this agreement.

10.   INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

If, in connection with this litigation, a party discloses or makes available information later identified to be subject to a claim of attorney-client privilege or work-product protection, whether inadvertent or otherwise, such disclosure shall not constitute or be deemed a waiver or

RS   Ryan, Swanson & Cleveland, PLLC
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3034
206.464.4224  |  Fax 206.583.0359

forfeiture of any claim of privilege or work-product protection with respect to the privileged or work-product information or its subject matter in this case or in any other federal or state proceeding, unless the producing party attempts affirmatively to use any such information in any motion, pleading or otherwise in this case.

This Paragraph 10 shall constitute an order pursuant to Fed. R. Evid. 502(d) and shall be interpreted to provide the maximum protection allowed by Fed. R. Evid. 502(d).  Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents or information for relevance, responsiveness, privilege or work product before producing them to opposing parties.

When a producing party gives notice to receiving parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).

11.   <u>NON TERMINATION, JURISDICTION AND RETURN OF DOCUMENTS</u>

Within 60 days after the termination of this action, including all appeals, each receiving party must return all confidential material to the producing party, including all copies, extracts and summaries thereof. Alternatively, the parties may agree upon appropriate methods of destruction and certification of such destruction.

Notwithstanding this provision, counsel are entitled to retain one archival copy of all documents filed with the court, trial, deposition, and hearing transcripts, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain confidential material as well as archival copies of attorney work-product created that contain confidential material.

The confidentiality obligations imposed by this agreement shall remain in effect until a



Ryan, Swanson & Cleveland, PLLC
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3034
206.464.4224  |  Fax 206.583.0359

1   designating party agrees otherwise in writing or a court orders otherwise.

2       Each of the parties hereto shall be entitled to seek modification of this agreement by

3   application to the Court on notice to the other parties hereto.

4       A party needing relief from the provisions of this agreement may, if agreement between

5   or among the parties cannot be reached, seek appropriate relief from the Court upon notice to

6   the other parties.

7       This Court shall retain jurisdiction over all persons subject to this agreement to the

8   extent necessary to enforce any obligations arising hereunder or to impose sanctions for any

9   contempt thereof.

10      IT IS SO ORDERED that pursuant to Fed. R. Evid. 502(d), the production of any

11  documents in this proceeding shall not, for the purposes of this proceeding or any other federal

12  or state proceeding, constitute a waiver by the producing party of any privilege applicable to

13  those documents, including the attorney-client privilege, attorney work-product protection, or

14  any other privilege or protection recognized by law.

15      Dated this 16th day of July, 2020.

16

17  _MRS Lasnik_
    THE HONORABLE ROBERT S. LASNIK
18  UNITED STATES DISTRICT JUDGE

19  Presented By:

20  _/s/  Kristin Nealey Meier_
    Kristin Nealey Meier, WSBA #33562
21  RYAN, SWANSON & CLEVELAND, PLLC
    1201 Third Avenue, Suite 3400
22  Seattle, Washington  98101-3034
    Telephone: (206) 464-4224
23  Facsimile: (206) 583-0359
    kmeier@ryanlaw.com

PROTECTIVE ORDER - 11
Case No. 2:19-cv-00445-RSL



Ryan, Swanson & Cleveland, PLLC
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3034
206.464.4224  |  Fax 206.583.0359

1   /s/ Mark A. Konkel
    Mark A. Konkel (pro hac vice)
2   Nidhi Srivastava (pro hac vice)
    KELLEY DRYE & WARREN LLP
    101 Park Avenue
3   New York, NY 10178
    Telephone:  (212) 808-7800
4   Facsimile:  (212) 808-7897
    mkonkel@kelleydrye.com
5   NSrivastava@KelleyDrye.com

6   *Attorneys for Defendant*
    *Tech Mahindra (Americas) Inc.*

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

PROTECTIVE ORDER - 12
Case No. 2:19-cv-00445-RSL



Ryan, Swanson & Cleveland, PLLC
1201 Third Avenue, Suite 3400
Seattle, WA 98101·3034
206.464.4224  |  Fax 206.583.0359

1

2

<u>EXHIBIT A</u>

<u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

I,  _____  [print or type full name], of

_____ [print or type full address], declare under penalty

of perjury that I have read in its entirety and understand the Stipulated Protective Order that

was issued by the United States District Court for the Western District of Washington on [date]

in the case of _____  **[insert formal name of the case and the number and**

**initials assigned to it by the court]**. I agree to comply with and to be bound by all the terms

of this Stipulated Protective Order and I understand and acknowledge that failure to so comply

could expose me to sanctions and punishment in the nature of contempt. I solemnly promise

that I will not disclose in any manner any information or item that is subject to this Stipulated

Protective Order to any person or entity except in strict compliance with the provisions of this

Order.

I further agree to submit to the jurisdiction of the United States District Court for the

Western District of Washington for the purpose of enforcing the terms of this Stipulated

Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

PROTECTIVE ORDER - 13
Case No. 2:19-cv-00445-RSL



Ryan, Swanson & Cleveland, PLLC
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3034
206.464.4224  |  Fax 206.583.0359