The Honorable Robert S. Lasnik
Noting Date: March 12, 2021

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DANIELLE LLERA,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>TECH MAHINDRA (AMERICAS) INC., a Delaware Corporation,<br><br>　　　　　　　Defendant. | NO. 2:19-cv-00445-RSL<br><br>**DECLARATION OF NIDHI SRIVASTAVA IN SUPPORT OF TECH MAHINDRA (AMERICAS) INC.'S OPPOSITION TO PLAINTIFF'S SECOND MOTION TO COMPEL RESPONSES TO PLAINTIFF'S FOURTH SET OF DISCOVERY REQUESTS** |

I, Nidhi Srivastava, pursuant to 28 U.S.C. § 1746, declare under penalty of perjury that the following facts are true and correct:

1.　I am an attorney for Tech Mahindra (Americas) Inc. ("Tech Mahindra"), admitted *pro hac vice* in this action. I am over eighteen (18), and am competent to testify as to the matters herein. I submit this Declaration in support of Tech Mahindra's Opposition to Plaintiff's Second Motion to Compel Responses to Plaintiff's Fourth Set of Discovery Requests. I am familiar with the facts set forth below, based on my personal knowledge, my involvement in the proceedings, and my review of the materials referenced.

2.　Defendant has produced over 37,000 pages of documents since August 2019 and has cooperated with Plaintiff's counsel in producing requested information.

3.　Defendant produced responsive documents to Plaintiff on August 16, 2019,

DECLARATION OF NIDHI SRIVASTAVA IN SUPPORT OF TECH MAHINDRA (AMERICAS) INC.'S OPPOSITION TO PLAINTIFF'S SECOND MOTION TO COMPEL RESPONSES TO PLAINTIFF'S FOURTH SET OF DISCOVERY REQUESTS - 1
Case No. 2:19-cv-00445-RSL
4834-2695-0623

Ryan, Swanson & Cleveland, PLLC
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3034
206.464.4224  |  Fax 206.583.0359

August 29, 2019, October 25, 2019, November 1, 2019, November 11, 2019, November 15, 2019, November 21, 2019, November 25, 2019, January 9, 2020, April 10, 2020, June 17, 2020, November 3, 2020, November 9, 2020, December 2, 2020, February 10, 2021 and February 21, 2021. The responsive documents include quarterly payments on the ▮▮▮▮ project, spreadsheets detailing who received incentive payments on the project and the calculation leading to such payments. Defendant also provided the EBITDA and revenue on the project for fiscal years 2017, 2018, 2019, and 2020, even though Plaintiff resigned in fiscal year 2018.

4. Defendant has not withheld responsive documents related to Plaintiff's resignation.

5. The reason Plaintiff did not obtain the 73 documents produced on February 10, 2021 prior to that date is because Plaintiff failed to provide Defendant's counsel with an approved list of search terms in March 2020.

6. In October 2019, Tech Mahindra objected to Request for Production of Documents No. 4, which requested all texts, instant messages, or emails sent to and from 26 separate custodians between April 1, 2016 and October 31, 2017, that contained plain language terms such as "Danielle", "Llera", "Commission", "T-Mobile", "▮▮▮▮" and "▮▮▮▮".

7. This search would have quite literally produced hundreds of thousands of non-responsive emails, yet Plaintiff routinely threatened a motion to compel. The repeated threats of a motion to compel was surprising given the Plaintiff had missed the deadline to respond to Defendant's discovery requests.

8. On October 3, 2019, Plaintiff narrowed the custodian list from 26 to 5—Nitin Mohan, Harshul Asnani, Krishna Madras Kumarswamy, Sumit Grover, and Razak Shaikh. Plaintiff also requested "incentives" "compensation" "L1" and "PID mapping" be added to the search list, but did not identify how the terms were to be run. (*See* Exhibit B, page 5.) Plaintiff did not advise what terms and connectors to use, and instead proposed standalone search terms.

DECLARATION OF NIDHI SRIVASTAVA IN SUPPORT OF TECH MAHINDRA (AMERICAS) INC.'S OPPOSITION TO PLAINTIFF'S SECOND MOTION TO COMPEL RESPONSES TO PLAINTIFF'S FOURTH SET OF DISCOVERY REQUESTS - 2
Case No. 2:19-cv-00445-RSL
4834-2695-0623

Ryan, Swanson & Cleveland, PLLC
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3034
206.464.4224  |  Fax 206.583.0359

9. On October 25, 2019, Defendant made a production, followed by a meet and confer call regarding the scope of the search terms on October 31, 2019.

10. Subsequently, Defendant began producing responsive documents on November 1 and November 11—including financials on the ▮▮▮▮▮ project and incentive payments to other employees— with the agreement that a supplemental production would be made by November 15, 2019.

11. Despite this agreement between the parties, Plaintiff's counsel threatened a motion to compel on November 11, 2019, to which Defendant explained was improper given that it had already began reviewing thousands of emails and was preparing a production.

12. Defendant specifically advised Plaintiff's counsel:

> "...we are gathering requested emails and narrowing the search terms for your review. As we have already explained, your proposed search are massively overbroad in they would produce hundreds of thousands of hits far in excess of any discovery obligation we have under the FRCP (not to mention, completely irrelevant to the litigation)—and you have provided almost no help to us in limiting the search. Given this, we could have, but have not, filed a motion for a protective order and instead are working to reduce the volume of the emails to a manageable size for review, and to avoid unnecessary motion practice." (Exhibit D at p. 3).

13. On November 15 and November 25, 2019, Defendant produced a total of roughly 10,700 pages of spreadsheets and emails to Plaintiff.

14. In January 2020, Plaintiff again threatened another motion to compel.

15. Defendant reviewed its production and informed Plaintiff's counsel on February 4, 2020 that a good-faith search run internally at Tech Mahindra for responsive emails failed to yield documents based on slight variations of words. (*See* Exhibit E).

16. Accordingly, Defendant began reviewing thousands of additional documents for responsive material to ensure no documents were missed. Meanwhile, Plaintiff's counsel continued to schedule depositions of individuals such as Sumit Grover and Sandeep Thawani, despite the fact that Defendant was in the midst of producing additional documents.

DECLARATION OF NIDHI SRIVASTAVA IN SUPPORT OF TECH MAHINDRA (AMERICAS) INC.'S OPPOSITION TO PLAINTIFF'S SECOND MOTION TO COMPEL RESPONSES TO PLAINTIFF'S FOURTH SET OF DISCOVERY REQUESTS - 3
Case No. 2:19-cv-00445-RSL
4834-2695-0623

Ryan, Swanson & Cleveland, PLLC
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3034
206.464.4224 | Fax 206.583.0359

17. On March 4, 2020, Defendant advised Plaintiff's counsel that it searched the terms Plaintiff proposed across five custodians, which yielded over 100,000 hits. Even after Defendant combined certain terms, the search generated over 100,000 emails with families over a two-year period. In its email, Defendant explicitly stated:

> "However, this search report produced over 100,000 email hits with families from the two year relevant time period. We think that it is best to narrow the scope of the documents to be more focused and relevant to the allegations in the case. Several of the standalone terms, while important, when run, produced nonresponsive information. For example, "▬▬▬▬▬▬▬▬" brings up emails that relate to non T-Mobile accounts; similarly "PID Mapping" brings up emails that have nothing to do with the ▬▬▬▬ project. Also, "▬▬▬▬" by itself is too broad as it produces emails that do not relate to Llera's allegations." (Exhibit F).

18. Defendant then proposed four search strings, combining a variation of search terms, and requested that Plaintiff confirm the proposed search terms. (Exhibit F).

19. After not receiving a response from Plaintiff's counsel, Defendant followed up with Plaintiff on March 6. There was no response. Defendant followed up with Plaintiff again on March 10—no response. Defendant followed with email and voicemail again on March 12, with no response in return. In order to move discovery forward, Defendant moved forward with reviewing the 31,000 emails yielded from its proposed search.

20. On March 13, Plaintiff finally replied, proposing six search strings.

21. On March 16, Defendant informed Plaintiff that it had begun reviewing emails generated from the four search strings proposed by Defendant on March 4, and specifically asked Plaintiff's counsel to confirm the search terms and invited Plaintiff to discuss over the phone as well. There was no response to this email.

22. On April 10, 2020, Defendant made a supplemental production, stating in its cover letter the terms that were searched. Plaintiff did not object, nor did Plaintiff raise any issue with the search terms in an April 22, 2020 meet and confer call. On June 17 and July 30, 2020 Defendant again explained to Plaintiff the search terms that were run across the five custodians, and Plaintiff did not object following these explanations—until now.

DECLARATION OF NIDHI SRIVASTAVA IN SUPPORT OF TECH MAHINDRA (AMERICAS) INC.'S OPPOSITION TO PLAINTIFF'S SECOND MOTION TO COMPEL RESPONSES TO PLAINTIFF'S FOURTH SET OF DISCOVERY REQUESTS - 4
Case No. 2:19-cv-00445-RSL
4834-2695-0623

Ryan, Swanson & Cleveland, PLLC
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3034
206.464.4224 | Fax 206.583.0359

23. On October 9 2020, Plaintiff served another set of discovery requests and a letter demanding that we search an additional set of custodians, including Vikram Paryani. Plaintiff simultaneously demanded depositions move forward.

24. Defendant objected to proceeding with depositions given that written discovery was not concluded, Plaintiff was requesting additional documents and that Plaintiff continued to serve belated and harassing discovery requests. Defendant specifically stated:

> "Bluntly, what is happening here is that you guys are waking up to discovery you wish you had taken, and could have asked for, long ago—but wanting to eat your cake too by proceeding with depositions. Under the circumstances above, Tech M should not have to prepare witnesses (nor should we have to prepare for Ms. Llera's deposition) without understanding what you think the evidence in the case is going to be, including the newly-requested documents." (Exhibit G).

25. espite Defendant's objections, Plaintiff pushed for depositions and threatened to a file a motion to compel the witnesses to appear. Defendant produced four witnesses, and the first witness Plaintiff deposed was Vikram Paryani, even though Plaintiff did not have documents from his email yet and only requested them in October 2020—a full year after e-discovery commenced.

26. On December 28, 2020, Plaintiff served a fourth set of discovery requests, which are the subject of this second motion to compel.

27. On January 5, 2021, the parties had a meet and confer call, in which Defendant agreed to use Plaintiff's new proposed search terms across additional custodians, including Vikram Paryani. Defendant made a new production on February 10, 2021.

28. Because new terms were utilized across new custodians, the search naturally captured documents that were not previously produced.

29. Had Plaintiff's counsel simply did its due diligence in March 2020 and the months after, it would have realized that 1) Plaintiff had failed to confirm the search terms run by Defendant; and 2) until October 2020, Plaintiff had only requested a search of 5 custodians,

DECLARATION OF NIDHI SRIVASTAVA IN SUPPORT OF TECH MAHINDRA (AMERICAS) INC.'S OPPOSITION TO PLAINTIFF'S SECOND MOTION TO COMPEL RESPONSES TO PLAINTIFF'S FOURTH SET OF DISCOVERY REQUESTS - 5
Case No. 2:19-cv-00445-RSL
4834-2695-0623

Ryan, Swanson & Cleveland, PLLC
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3034
206.464.4224  |  Fax 206.583.0359

none of which included Vikram Paryani.

30. While Defendant was in the process of producing additional documents, Plaintiff filed a motion to compel responses to certain interrogatories and requests for production of documents on January 7, 2021.

31. Despite the fact that a motion to compel was pending and not fully briefed, on January 14, 2020, Plaintiff moved forward with deposing Harshul Asnani and questioned him about lawsuits or complaints made by employees against Tech Mahindra, a topic that is subject to the first motion to compel. As such, I advised Mr. Asnani not to answer until the motion to compel was resolved.

32. A little over a month later and without waiting for the Court to resolve the first motion to compel, Plaintiff filed a second motion to compel based on Defendant's responses to Plaintiff's fourth set of discovery requests.

33. The week Plaintiff filed this second motion to compel, Plaintiff served a fifth set of discovery requests.

34. Defendant asked Plaintiff's counsel to consolidate the filings in an effort to comply with the Court's rules governing cross-motions (see LCR 7(k)), but Plaintiff refused.

35. With respect to Plaintiff's Interrogatories Nos. 23 and 24, hypothetical earnings require Tech Mahindra to utilize a variety of factors, including target numbers, revenue collected on a project, and Defendant's annual EBITDA, to determine an employee's incentive pay. Similarly, salary turns in part on individual performance, and given that Plaintiff resigned, Tech Mahindra cannot possibly guess at Plaintiff's future performance. Defendant has advised Plaintiff that she can retain an expert to estimate future damages, the standard practice for determining damages.

36. With respect to Request for Production of Documents No. 29, not a single produced document from 2017 indicates that Plaintiff was being replaced by Anuradha Menon, and Defendant's search of the terms "T-Mobile" with "Anuradha" and "Danielle" (a broad

DECLARATION OF NIDHI SRIVASTAVA IN SUPPORT OF TECH MAHINDRA (AMERICAS) INC.'S OPPOSITION TO PLAINTIFF'S SECOND MOTION TO COMPEL RESPONSES TO PLAINTIFF'S FOURTH SET OF DISCOVERY REQUESTS - 6
Case No. 2:19-cv-00445-RSL
4834-2695-0623

Ryan, Swanson & Cleveland, PLLC
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3034
206.464.4224  |  Fax 206.583.0359

search conducted at the insistence of Plaintiff's counsel) yielded no responsive documents. Defendant also produced an email showing the hierarchy on the T-Mobile account—Ms. Menon was not included, and no deponent has testified that Ms. Menon replaced Plaintiff while Plaintiff was employed with Tech Mahindra.

37. Attached as Exhibit A is a true and correct copy of Plaintiff's Amended Complaint.

38. Attached as Exhibit B is a true and correct copy of correspondence between the parties on October 3, 2019.

39. Attached as Exhibit C are true and correct copies of the deposition testimony of Plaintiff Danielle Llera, dated November 6, 2020.

40. Attached as Exhibit D is a true and correct copy of correspondence between the parties on November 12, 2019.

41. Attached as Exhibit E is a true and correct copy of correspondence from Defendant to Plaintiff in February 2020 regarding search terms.

42. Attached as Exhibit F is a true and correct copy of correspondence from Defendant to Plaintiff in March 2020 regarding search terms.

43. Attached as Exhibit G is a true and correct copy of correspondence from Defendant to Plaintiff in October 2020.

44. Attached as Exhibit H is a true and correct copy of Defendant's objections and responses to Plaintiff's Fourth Set of Discovery Requests.

45. Attached as Exhibit I is a true and correct copy of a screenshot of Plaintiff's resignation, showing her last default working date as October 18, 2017.

46. Attached as Exhibit J are true and correct copies of the deposition testimony of Sandeep Thawani, dated November 17, 2020.

/ / /

/ / /

DECLARATION OF NIDHI SRIVASTAVA IN SUPPORT OF TECH MAHINDRA (AMERICAS) INC.'S OPPOSITION TO PLAINTIFF'S SECOND MOTION TO COMPEL RESPONSES TO PLAINTIFF'S FOURTH SET OF DISCOVERY REQUESTS - 7
Case No. 2:19-cv-00445-RSL
4834-2695-0623

Ryan, Swanson & Cleveland, PLLC
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3034
206.464.4224  |  Fax 206.583.0359

47. Attached as Exhibit K are true and correct copies of the deposition testimony of Harshul Asnani, dated January 14, 2020.

Executed in New York, New York on March 8, 2021.

By: */s/ Nidhi Srivastava*
Nidhi Srivastava
101 Park Avenue
New York, NY 10178
P: (212) 808-7800
F: (212) 808-7897
nsrivastava@kelleydrye.com

DECLARATION OF NIDHI SRIVASTAVA IN SUPPORT OF TECH MAHINDRA (AMERICAS) INC.'S OPPOSITION TO PLAINTIFF'S SECOND MOTION TO COMPEL RESPONSES TO PLAINTIFF'S FOURTH SET OF DISCOVERY REQUESTS - 8
Case No. 2:19-cv-00445-RSL
4834-2695-0623



Ryan, Swanson & Cleveland, PLLC
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3034
206.464.4224 | Fax 206.583.0359