UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DANIELLE LLERA,

        Plaintiff,

    v.

TECH MAHINDRA (AMERICAS) INC.,

        Defendant.

Cause No. C19-0445RSL

ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL (DKT. # 51)

This matter comes before the Court on "Plaintiff's Motion to Compel Defendant's Responses to Plaintiff's Discovery Requests." Dkt. # 51.[1] Plaintiff filed this lawsuit alleging race and national origin discrimination and seeking to recover unpaid commissions on a large contract she helped secure with T-Mobile (the "Houlihan project"). Plaintiff served defendant with three sets of discovery requests. She seeks to compel the production of additional information regarding comparators who received commissions on the Houlihan project; other complaints of race or national origin discrimination; and defendant's financial information.[2]

---

[1] A redacted version of the motion is available for public viewing at Dkt. # 47. Plaintiff's motion to seal (Dkt. # 50) is GRANTED. Dkt. # 51-53 and Dkt. # 58-59 will remain under seal. Defendant has, however, waived any confidentiality that attached to the name of the project at the center of this case by repeatedly publishing it without redaction in the record. *See, e.g.*, Dkt. # 32-6 at 3. The Court has used the name of the contract in this Order, and it need not and should not be redacted in future submissions.

[2] Plaintiff has withdrawn her request for information related to the racial makeup of defendant's workforce, having obtained the information through a Freedom of Information Act request. Dkt. # 62.

ORDER GRANTING PLAINTIFF'S
MOTION TO COMPEL (DKT. # 51) - 1

Rule 26 of the Federal Rules of Civil Procedure governs the permissible scope of discovery in federal civil litigation. Rule 26(b) sets forth the threshold requirements that information sought to be discovered must appear "relevant to any party's claim or defense and proportional to the needs of the case . . . ." Relevant information is "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). Proportionality is evaluated in light of "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). If a party refuses to make a requested disclosure or production, the requesting party may move for an order compelling responses under Rule 37(a). The Court has broad discretion to decide whether to compel discovery. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002).

**(1) Interrogatory No. 2 (First Set)**

Plaintiff seeks information regarding any and all commissions or bonuses paid to Tech Mahindra employees on the Houlihan project, as well as the plan under which the commission or bonus was paid, the date of payment, the race, national origin, and sex of the recipient, and the basis on which the commission was calculated. Dkt. # 53-1 at 8-9. In their deposition testimony, Sandeep Thawani and Nitin Mohan acknowledge receiving a "one-off" incentive or a "payout"

---

Although not specified in the notice of withdrawal, the Court finds that Request for Production No. 14 seeks the same sort of information: the related motion to compel (Dkt. # 51 at 8-9) is therefore deemed moot.

ORDER GRANTING PLAINTIFF'S
MOTION TO COMPEL (DKT. # 51) - 2

related to their roles in the Houlihan project (Dkt. # 59-3 at 2; Dkt. # 59-4 at 4), but defendant failed to include them in their response to Interrogatory No. 2 because the payments were not under the incentive plan that governed plaintiff's employment. Plaintiff's inquiry was not limited to those who were paid under the incentive program to which she was subjected, however. In the context of this case, all commissions or bonuses paid to Tech Mahindra employees "on the Houlihan project" are relevant to plaintiff's claim that she was excluded from the largesse that flowed as a result of the deal because of her race or national origin. Defendant shall supplement its response to Interrogatory No. 2 to provide the requested information regarding Messrs. Thawani and Mohan, as well as any other employees who received incentive pay related to their work on the Houlihan project.

**(2) Interrogatory No. 9 and Requests for Production Nos. 9 and 15 (First and Third Sets)**

Plaintiff seeks information regarding complaints of race or national origin discrimination lodged against Tech Mahindra in any court or government agency from January 2014 to January 2019 and informal communications raising similar concerns or a failure to pay wages since January 2015. The requests seek only basic information regarding other complaints, is limited in time to the period surrounding plaintiff's employment, and seeks discovery regarding Tech Mahindra employees who have made similar complaints of race and national origin discrimination or failure to pay wages. Although the requests contain no geographic limitation, plaintiff argues that such limitation would be impossible given that defendant staffs different projects with employees from around the world.

Defendant objected to the requests, arguing that there is a federal bar on discovery of

ORDER GRANTING PLAINTIFF'S
MOTION TO COMPEL (DKT. # 51) - 3

"'all' complaints brought against an employer, without limitation in time, geography or subject matter (for example, relating to a particular supervisor)." Dkt. # 58 at 8. Even if such bar exists (and it does not), the discovery requests are limited by both time and subject matter restrictions. The information sought is relevant to plaintiff's theory of the case, and defendant has not attempted to show either that the discovery is not proportional to the needs of the case or that a protective order under Rule 26(c) is appropriate.[3] Defendant must respond to Interrogatory No. 9 and Requests for Production Nos. 9 and 15.

**(3) Interrogatory No. 15 and Requests for Production Nos. 16 and 17 (Third Set)**

Interrogatory No. 15 asks defendant to "[d]escribe in detail the current valuation of Tech Mahindra and the factual basis for that valuation." Dkt. # 49-2 at 9. Related requests seek production of income and cash flow statements for 2019 and 2020. Dkt. # 49-2 at 10-11. Plaintiff has asserted a claim for punitive damages and intends to provide the jury with information regarding defendant's net worth so that it can determine an amount that would be meaningful but not financially ruinous. Defendant objects to the discovery requests on the grounds that (a) the information is not relevant, (b) it has already provided information regarding revenue and profits earned on the Houlihan project, (c) plaintiff should have requested this information earlier so that it might facilitate settlement, and (d) the delay in seeking production

---

[3] If the threshold requirements of Rule 26(b), namely relevance and proportionality, appear to be satisfied, discovery may nevertheless be limited under Rule 26(c), which provides courts with the authority to issue, for good cause, a protective order to prevent "annoyance, embarrassment, oppression, or undue burden or expense." To establish good cause under Rule 26(c), the movant must show "'that specific prejudice or harm will result' if the protective order is not granted." *In re Roman Catholic Archbishop of Portland in Or.*, 661 F.3d 417, 424 (9th Cir. 2011) (quoting *Foltz v. State Farm Mut. Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003)).

ORDER GRANTING PLAINTIFF'S
MOTION TO COMPEL (DKT. # 51) - 4

suggests that the information is sought for improper purposes.

Plaintiff's third set of discovery requests were served on October 9, 2020. In July of that year, the parties had obtained a three-month extension of the case management deadlines in order to participate in alternative dispute resolution efforts: the discovery deadline was continued by agreement of the parties to February 7, 2021. Defendant has not explained why discovery requests served four months before the close of discovery were "too late" or give rise to an inference of improper purpose. Defendant's overall net worth is relevant to the jury's consideration of punitive damages, and defendant has not justified its decision to limit its responses to information regarding the revenue or profits related to the Houlihan project. Defendant has not shown that the discovery requests lack proportionality or will cause "annoyance, embarrassment, oppression, or undue burden or expense." Rule 26(c). Supplemental responses to Interrogatory No. 15 and Requests for Production Nos. 16 and 17 will be required.

**(4) Request for Production No. 19 (Third Set)**

Plaintiff seeks to compel production of "all text messages, instant messages, and email sent to or from Satish Pai, between March 1, 2017, and October 31, 2017" that mention "Danielle" or "Llera." Plaintiff was told by another Tech Mahindra employee that she was not paid her commission because she was not in Dr. Pai's "good books." Dkt. # 52 at ¶ 6. This extremely narrow request is relevant to defendant's motivation and could be easily performed on most electronic communication platforms. Defendant's unsupported objections of undue burden, lack of relevance, duplication, and untimeliness are overruled. Supplementation will be required.

//

ORDER GRANTING PLAINTIFF'S
MOTION TO COMPEL (DKT. # 51) - 5

For all of the foregoing reasons, plaintiff's motion to compel (Dkt. # 51) is GRANTED. Defendant shall provide full and complete responses to Interrogatories Nos. 2, 9, and 15 and Requests for Production Nos. 9, 15, 16, 17, and 19.

Dated this 11th day of June, 2021.

*Robert S. Lasnik* (signature)
Robert S. Lasnik
United States District Judge