UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DANIELLE LLERA,

    Plaintiff,

v.

TECH MAHINDRA (AMERICAS) INC.,

    Defendant.

Cause No. C19-0445RSL

ORDER GRANTING PLAINTIFF'S SECOND MOTION TO COMPEL (DKT. # 67)

This matter comes before the Court on "Plaintiff's Second Motion to Compel Defendant's Responses to Plaintiff's Discovery Requests." Dkt. # 67.[1] Plaintiff filed this lawsuit alleging race and national origin discrimination and seeking to recover unpaid commissions on a contract she helped secure with T-Mobile (the "Houlihan project"). Plaintiff has served five sets of discovery on defendant and now seeks to compel responses to the fourth set that was served on December 28, 2020.

Rule 26 of the Federal Rules of Civil Procedure governs the permissible scope of discovery in federal civil litigation. Rule 26(b) sets forth the threshold requirements that

---

[1] A redacted version of the motion is available for public viewing at Dkt. # 63. Plaintiff's motion to seal (Dkt. # 66) is GRANTED. Dkt. # 67, 68, 72, 73, and 75 will remain under seal. Defendant has, however, waived any confidentiality that attached to the name of the project at the center of this case by repeatedly publishing it without redaction in the record. *See, e.g.*, Dkt. # 32-6 at 3. The Court has used the name of the contract in this Order, and it need not and should not be redacted in future submissions.

ORDER GRANTING PLAINTIFF'S
SECOND MOTION TO COMPEL (DKT. # 67) - 1

information sought to be discovered must appear "relevant to any party's claim or defense and proportional to the needs of the case . . . ." Relevant information is "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). Proportionality is evaluated in light of "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). If a party refuses to make a requested disclosure or production, the requesting party may move for an order compelling responses under Rule 37(a). The Court has broad discretion to decide whether to compel discovery. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp*., 307 F.3d 1206, 1211 (9th Cir. 2002).

**(1) Interrogatory No. 16 and Request for Production No. 20**

On October 4, 2017, plaintiff submitted a letter notifying defendant that she would resign effective October 24, 2017. Her separation date was moved up to October 18, 2017, and plaintiff would like to know why. She suspects that defendant intentionally cut off any possibility that she would delay her resignation date and thereby qualify for a commission on the Houlihan project. As of the end of 2020, defendant had not produced any documents explaining the decision to accelerate plaintiff's separation date, and no witness had acknowledged knowing why plaintiff was not permitted to work until the end of her notice period.

Plaintiff seeks the identity of everyone involved in the decision to terminate her employment during the notice period and all documents related to that decision. Defendant

ORDER GRANTING PLAINTIFF'S
SECOND MOTION TO COMPEL (DKT. # 67) - 2

objects, arguing that the discovery requests "cannot be answered because Tech Mahindra has repeatedly explained that Plaintiff voluntarily resigned, and thus no one terminated her employment." Dkt. # 72 at 6. *See also* Dkt. # 68-1 at 22 ("[N]o individual made the decision to terminate Plaintiff's employment - she resigned."). Plaintiff clarified during the meet and confer process that the verbs "terminate" or "accelerate" were inconsequential and that she was seeking information regarding the decision to make her last working day October 18th rather than October 24th. Dkt. # 68-1 at 29. Defendant suggests, without actually asserting, that the last working date was automatically determined based on the date plaintiff notified defendant that she intended to resign and argues that plaintiff should pursue this line of inquiry by deposing a Human Resources representative.

None of defendant's objections relieves it of the obligation to respond to the written discovery requests as modified during the meet and confer process. If no individual participated in the decision to accelerate plaintiff's last working day and there are no responsive documents other than the screenshot reflecting plaintiff's retention status (Dkt. # 73-9 at 2), defendant must say so in response to the written discovery requests. Plaintiff is not required to utilize depositions to obtain this information. Defendant shall supplement its responses to Interrogatory No. 16 and Request for Production No. 20 as modified during the meet and confer process.

**(2) Interrogatory Nos. 17 and 20**

Plaintiff claims that she is owed a commission or incentive payment for her work on the Houlihan project and that the amount owed depends on (a) how the deal was characterized and (b) how profitable it was. Through Interrogatory Nos. 17 and 20, she seeks information regarding the total quarterly incentive payments already made on the Houlihan project and

ORDER GRANTING PLAINTIFF'S
SECOND MOTION TO COMPEL (DKT. # 67) - 3

projected revenues for 2021 and 2022. Defendant objects on a number of grounds, all of which seem to be based on the assertion that the requested information will not enable plaintiff or the jury to calculate what plaintiff's incentive payment would have been had she not resigned. While there will undoubtedly be a range in the payments that have already been made to other team members, information regarding the nature and amount of quarterly payments could be used, along with a comparison of the applicable sales incentive plans, to establish what plaintiff could reasonably have expected during the payout period. Assuming the information will not enable a precise calculation of plaintiff's commission, it will likely aid her in determining whether defendant considered the Houlihan project as a "large deal" and/or a "new pillar" of business, both of which would impact the calculation under the plaintiff's sales incentive plan. Defendant shall supplement its responses to Interrogatory Nos. 17 and 20.

**(3) Interrogatory Nos. 18, 19, and 21 and Requests for Production Nos. 24-27**

These discovery requests go to whether the Houlihan project represented a "new pillar" of business for Tech Mahindra in its relationship with T-Mobile. Defendant objects on the grounds of overbreadth, undue burden, and lack of relevance, arguing that because plaintiff has not alleged a breach of contract claim based on the misclassification of the Houlihan project as an existing pillar of business, the information is not relevant to any claim or defense and any response is therefore unnecessarily burdensome.[2] The fact that plaintiff has not alleged a breach of contract claim based on the characterization of the Houlihan project does not make the evidence irrelevant. Plaintiff asserts that she was deprived of commissions under the governing

---

[2] Defendant's assertion that the requests are "massively overbroad" is unsupported. Dkt. # 72 at 8.

ORDER GRANTING PLAINTIFF'S
SECOND MOTION TO COMPEL (DKT. # 67) - 4

sales incentive plan: the calculation of those commissions depends in part on whether the Houlihan project represented a "new pillar" of business with T-Mobile. The information is therefore relevant, and defendant's objections are overruled. The fact that the requested information will confirm or contradict testimony provided by Harshul Asnani at deposition does not make it undiscoverable.

**(4) Interrogatory No. 22**

In response to an interrogatory seeking the identity of two white employees who were brought in to assist on the Houlihan project, defendant provided the names of the two employees but not their contact information (as specified in the definition section of the discovery requests). Having partially answered the interrogatory, defendant's relevance objection falls flat. Supplementation will be required.

**(5) Interrogatory Nos. 23 and 24**

If plaintiff is able to prove that she was constructively discharged, she may be entitled to an award of the earnings she would have received had she not been forced to quit. In Interrogatory Nos. 23 and 24, plaintiff requests that Tech Mahindra provide alternative calculations for what plaintiff would have received in base pay, benefits, and incentive pay from the Houlihan deal with a change in a single variable. Defendant objects because plaintiff's base pay would depend, at least in part, on her individual performance and, given that she no longer works at the company, defendant would have "to speculate regarding hypothetical earnings." Dkt. # 72 at 9-10. The amount of relevant information defendant possesses regarding plaintiff's earning potential, including the applicable target numbers, any cost-of-living or automatic wage increases during the relevant time frame, the revenue collected on the Houlihan deal, and earned

ORDER GRANTING PLAINTIFF'S
SECOND MOTION TO COMPEL (DKT. # 67) - 5

EBITDA, dwarfs the unknown factor related to individualized performance-based increases. Defendant does not dispute plaintiff's representations regarding the ease with which it can and does perform these calculations for employees each quarter. Its objections of impossibility or speculation are overruled. Defendant shall assume that plaintiff's base salary of $140,000 increased only insofar as employees received a cost-of-living or other automatic wage increase and run the requested calculations.

**(6) Requests for Production No. 21**

This request for production seeks "all documents relied upon in the calculation of Danielle Llera's incentive pay" for 2018, as set forth in a spreadsheet produced during Vikram Paryani's deposition. Defendant argues that, because it has already disclosed the incentive pay given to "specific individuals" in 2018 and "the calculator and formula" used to compute the payments reflected in the spreadsheet, any further response would be "cumulative and redundant." Dkt. # 72 at 10.

The objections are overruled. Plaintiff seeks the sources of the data that was input into the formula and resulted in an incentive payment of $12,360 for fiscal year 2018. To the extent responsive documents discuss whether Houlihan was a "large deal" or not, they should be produced and are not duplicative of what defendant has already produced. If there are no documents relied upon in reaching that $12,360 number, defendant shall say so in response.

**(7) Requests for Production Nos. 22, 23, 30, and 31**

Plaintiff seeks documents related to payments made to certain individuals for which the Houlihan deal was included in the consideration and/or calculation of the payment. In particular, plaintiff seeks copies of the sales incentive plans for those who received such payments and the

quarterly payout letters provided to them. Plaintiff alleges that, despite repeated requests, defendant failed or refused to provide the quarterly commission calculations that were due under her 2017 and 2018 sales incentive plans while providing those calculations to others. Defendant objects on the grounds that only plans and payments made under the sales incentive plan that applied to plaintiff are relevant, that the requests are not limited to "the relevant fiscal year," and that plaintiff has already had an opportunity to question Sandeep Thawani about the incentive payment he received in 2018. Dkt. # 72 at 11.

The objections are overruled. There is evidence that others received quarterly commission statements and payments related to the Houlihan project. Defendant has not asserted, much less shown, that any variations in the sales incentive plans applicable to its various employees impact the issuance of quarterly statements. Plaintiff seeks to test her theory that she was treated differently with regards to the statements in an effort to keep her in the dark about her commissions and to drive her from the company. Simply asserting that her incentive plan differs in some unknown way from others does not make the discovery irrelevant or non-proportional. All four of the requests for production are temporally limited, either explicitly or implicitly. With regards to Mr. Thawani's testimony, plaintiff is using a request for production to follow up on his statements at deposition. Although defendant implies this use of written discovery is improper, it offers no rule or case law in support of that argument.

**(8) Request for Production No. 28**

Plaintiff seeks documents related to the hiring, use, and termination of Mike Paquette, a white consultant who was brought into a meeting with T-Mobile regarding the Houlihan project. There is evidence that Mr. Paquette was brought in at the tail end of the negotiations to "show

ORDER GRANTING PLAINTIFF'S
SECOND MOTION TO COMPEL (DKT. # 67) - 7

some 'salt in our predominantly pepper' complexion" and address defendant's "diversity challenge." Dkt. # 68-1 at 53 and 84. Plaintiff seeks to confirm this understanding of the reasons for Mr. Paquette's participation in order to bolster her argument that she, too, was brought into Tech Mahindra to open doors at T-Mobile and driven from the company as soon as the contract was signed.

Defendant argues that the request for all documents regarding Mr. Paquette's hiring and termination as well as all documents sent to him or prepared by him is overbroad and outside the scope of the claims asserted in the Amended Complaint. Plaintiff alleges that she was treated differently than Indian employees, cut out of the Houlihan project as soon as the deal was signed, and ultimately constructively discharged and replaced by an Indian national. Having learned of another person who was seemingly used to present a white face to T-Mobile, plaintiff is entitled to discovery regarding the reasons Mr. Paquette was brought into the Houlihan negotiations and why his relationship with Tech Mahindra ended. Any and all documents that touch on those subjects must be produced. The Court agrees, however, that production of each and every document prepared by or sent to Mr. Paquette is not justified by the needs of the case.

**(9) Request for Production No. 29**

Defendant's objections to Request for Production No. 29 are extraordinary. As discussed below, the careful phrasing of the objections adds credence to plaintiff's concerns that defendant's chosen ESI search terms "seemed to be almost backwards engineered to exclude" relevant documents. Dkt. # 67 at 4. Supplementation will be required.

Following disclosures at Vikram Paryani's deposition, defendant produced an email chain suggesting that there was a plan to place Anuradha Menon in plaintiff's sales lead position with

ORDER GRANTING PLAINTIFF'S
SECOND MOTION TO COMPEL (DKT. # 67) - 8

T-Mobile in approximately six months. Plaintiff requested that defendant produce "all documents relating to the plan to deploy Anuradha Menon as 'Sales lead in T-mobile in 2Q's' as indicated in" the email chain. Dkt. # 68-1 at 16. During the parties' meet and confer, plaintiff proposed that two email accounts be searched for "Anuradha" & ("Client Partner" or "Sales Lead" or "T-Mobile"). Dkt. # 68-1 at 31. Without further consultation, defendant instead did a search for "Anuradha" & "T-Mobile" & "Danielle." *Id.*

Defendant argues that no further searches should be required because (a) it has not produced any documents from 2017 indicating that plaintiff was to be replaced by Ms. Menon, (b) its search yielded no responsive documents, and (c) "no deponent has testified that Ms. Menon replaced [p]laintiff while [p]laintiff was employed with Tech Mahindra." Dkt. # 72 at 12. Each argument is considered below:

    (a) Defendant has refused to produce documents in response to Request for Production No. 29. It is not, therefore, surprising that its responses to other discovery requests did not touch on Ms. Menon or her planned role on the Houlihan team.

    (b) Defendant's unilaterally-chosen search terms required that all of the designated concepts be present and excluded obvious search terms, such as "Sales Lead." The search defendant performed would not have yielded the email string that prompted Request for Production No. 29. That it returned no responsive documents does not mean that there are no responsive documents.

    (c) Finally, given the date of the email string that prompted Request for Production No. 29, the proposed replacement of plaintiff with Ms. Menon would likely occur after December 31, 2017. Dkt. # 68 at ¶ 15. Defendant's careful statement that there is no testimony that Ms.

ORDER GRANTING PLAINTIFF'S
SECOND MOTION TO COMPEL (DKT. # 67) - 9

Menon replaced plaintiff while she was employed by Tech Mahindra, *i.e.*, prior to October 2017, is unhelpful and disingenuous.

**(10) Renewal of Mr. Asnani's Deposition**

At his deposition, defense counsel instructed Mr. Asnani not to answer questions regarding other race discrimination lawsuits or complaints about not being paid properly on the ground that the topics were subject to a then-pending motion to compel. Even if such an instruction were proper (it was not), plaintiff's motion to compel has been granted and defendant is required to respond to inquiries regarding past lawsuits and complaints.

A month after Mr. Asnani's deposition was completed, defendant produced 73 additional documents, many of which were responsive to plaintiff's first set of discovery requests (served in July 2019). The existence of these documents was disclosed for the first time during Mr. Paryani's deposition in October 2020. Although plaintiff immediately requested that they be produced, they were not turned over for four months. By that time, Mr. Asnani's deposition had concluded. Plaintiff will be given an opportunity to question Mr. Asnani regarding the documents produced on February 10, 2021.

**(11) Defendant's General Objections**

Defendant generally objects to the number of interrogatories propounded and the timeliness of plaintiff's discovery requests. Neither objection has merit. Plaintiff's fourth set of discovery requests includes Interrogatory Nos. 16-24, and defendant makes no attempt to show that any of the twenty-four interrogatories contain discrete parts that should be counted separately. As for timeliness, in July 2019 plaintiff requested copies of all texts, instant messages, and/or emails sent to or from 26 individuals between April 1, 2016, and October 31, 2017, that

contained the words or phrases "Danielle," "Llera," "Commission," "T-Mobile," "Houlihan," or "SAP Managed Services." Dkt. # 53-1 at 19. Defendant requested that the number of custodians be reduced and, in October 2019, plaintiff agreed to start with the accounts of five individuals. Plaintiff also added four more search terms, "Incentives," "Compensation," "L1," and "PID Mapping." Dkt. # 73-2 at 4.

Defendant correctly pointed out that these search terms, standing alone, would produce an extraordinary number of irrelevant documents and requested that the terms be combined in strings that would yield a higher percentage of responsive results. Defendant agreed to propose search strings in mid- November 2019. While it is not clear what search strings defendant proposed or when the searches occurred, defense counsel learned in February 2020 that the searches, which had been performed internally by Tech Mahindra staff, "failed to yield certain documents that, from what [counsel] can tell, would be responsive and subject to production" because the searches failed to account for variations, such as "T Mobile" instead of "T-Mobile," and because "Houlihan" had been misspelled. Dkt. # 73-5 at 2.

On March 13, 2020, at defendant's urging, plaintiff proposed six discrete and fairly complex search strings. In response, defendant notified plaintiff that it had run four different, more simple searches. Dkt. # 73-6 at 2-3. Plaintiff did not object. The insufficiency of defendant's chosen search strings did not become apparent until much later, however, when Mr. Paryani revealed at deposition that he had collected documents shortly after this lawsuit was filed, many of which had not been captured by defendant's search parameters. Plaintiff served her fourth set of discovery requests well before the discovery deadline in an effort to fill the gaps that had become apparent. Given this background, neither the discovery requests nor this motion to

ORDER GRANTING PLAINTIFF'S
SECOND MOTION TO COMPEL (DKT. # 67) - 11

compel were untimely.

For all of the foregoing reasons, plaintiff's motion to compel (Dkt. # 67) is GRANTED. Defendant shall provide full and complete responses to plaintiff's fourth set of discovery requests as set forth in this Order. Plaintiff may, at a mutually agreeable date and time, reopen Mr. Asnani's deposition to inquire about (a) other complaints of race discrimination or withholding of payments and (b) the documents that were produced on February 10, 2021.

DATED this 21st day of June, 2021.

_____
Robert S. Lasnik
United States District Judge

ORDER GRANTING PLAINTIFF'S
SECOND MOTION TO COMPEL (DKT. # 67) - 12