1

2

3

4

5                                   UNITED STATES DISTRICT COURT
                                   WESTERN DISTRICT OF WASHINGTON
6                                            AT SEATTLE

7      DANIELLE LLERA,

8                              Plaintiff,                    Cause No. C19-0445RSL

9               v.
                                                            ORDER DENYING DEFENDANT'S
10     TECH MAHINDRA (AMERICAS) INC.,                       MOTION FOR PROTECTIVE
                                                            ORDER (DKT. # 79)
11                             Defendant.

12

13

14          This matter comes before the Court on defendant's "Motion for Protective Order." Dkt.

15     # 79.[1] Plaintiff filed this lawsuit alleging race and national origin discrimination and seeking to

16     recover unpaid commissions on a contract she helped secure with T-Mobile (the "Houlihan

17     project"). The discovery period remains open, and plaintiff has taken the opportunity to serve six

18     sets of interrogatories and requests for production as well as a set of requests for admission.

19     Defendant seeks a protective order (a) relieving it of its obligation to respond to the sixth set of

20     requests for production and the requests for admission and (b) barring any further written

21

22     _____

23          [1] A redacted version of the motion is available for public viewing at Dkt. # 77. Plaintiff's motion
       to seal (Dkt. # 76) is GRANTED. Dkt. # 79, 80, 83, 84, 88, and 89 will remain under seal. Defendant
24     has, however, waived any confidentiality that attached to the name of the project at the center of this
       case by repeatedly publishing it without redaction in the record. *See, e.g.*, Dkt. # 32-6 at 3. The Court has
25     used the name of the contract in this Order, and it need not and should not be redacted in future
       submissions.
26

27     ORDER DENYING DEFENDANT'S
       MOTION FOR PROTECTIVE ORDER
28     (DKT. #79) - 1

1  discovery (or, in the alternative, requiring that written discovery be completed before additional

2  depositions are scheduled).

3      Having reviewed the memoranda, declarations, and exhibits submitted by the parties,[2] the

4  Court finds as follows:

5      Rule 26 of the Federal Rules of Civil Procedure governs the permissible scope of

6

7  discovery in federal civil litigation. Rule 26(b) sets forth the threshold requirements that

8  information sought to be discovered must appear "relevant to any party's claim or defense and

9  proportional to the needs of the case . . . ." Relevant information is "any matter that bears on, or

10  that reasonably could lead to other matter that could bear on, any issue that is or may be in the

11  case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). Proportionality is

12  evaluated in light of "the importance of the issues at stake in the action, the amount in

13  controversy, the parties' relative access to relevant information, the parties' resources, the

14  importance of the discovery in resolving the issues, and whether the burden or expense of the

15  proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

16

17      If the threshold requirements of Rule 26(b), namely relevance and proportionality, appear

18  to be satisfied, discovery may nevertheless be limited under Rule 26(c), which provides courts

19  with the authority to issue, for good cause, a protective order to prevent "annoyance,

20  embarrassment, oppression, or undue burden or expense." To establish good cause under Rule

21  26(c), the movant must show "'that specific prejudice or harm will result' if the protective order

22

23  is not granted." *In re Roman Catholic Archbishop of Portland in Or.*, 661 F.3d 417, 424 (9th Cir.

24

25      [2] This matter can be decided on the papers submitted. The parties' requests for oral argument are
26  therefore DENIED.

27  ORDER DENYING DEFENDANT'S
   MOTION FOR PROTECTIVE ORDER
28  (DKT. #79) - 2

2011) (quoting *Foltz v. State Farm Mut. Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003)). *See also*
*Bechman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) ("Broad allegations of
harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule
26(c) test.").

### (1) General Objection to Continuing Discovery

Defendant generally objects to the timeliness of plaintiff's discovery requests, argues that
any additional discovery is disproportionate to the needs of the case, and asserts that the
requested information is not relevant to the claims asserted in the Amended Complaint. For the
following reasons, the Court finds that the date on which the discovery requests were served is
not objectionable, that defendant's prior productions, in and of themselves, do not establish a
lack of proportionality, and that the requests are relevant.

#### (a) Timeliness

In July 2019 plaintiff requested copies of all electronic communications sent to or from
26 individuals between April 1, 2016, and October 31, 2017, that contained the words or phrases
"Danielle," "Llera," "Commission," "T-Mobile," "Houlihan," or "SAP Managed Services."
Plaintiff subsequently added four more search terms ("Incentives," "Compensation," "L1," and
"PID Mapping") but agreed that, as a starting point, the accounts of only five custodians need be
searched (Nitin Mohan, Harshul Asnani, Krishna Kumarswamy, Sumit Grover, and Razak
Shaikh). At defendant's request, plaintiff provided six search queries for use in searching the
custodians' accounts, combining the various concepts that are relevant to this case. Defendant,
however, ran four simple searches of its own choosing. It produced responsive documents on
April 10, 2020, along with the text of the four queries. Defendant argues that plaintiff waived

ORDER DENYING DEFENDANT'S
MOTION FOR PROTECTIVE ORDER
(DKT. #79) - 3

her chance to request additional electronic searches or to propound additional written discovery requests because plaintiff failed to object to the queries defendant used.

The argument is unsound, both in the abstract and in the context of this case. At the time this motion for protective order was filed, there were six weeks remaining before the discovery cutoff date.[3] LCR 26(d) requires that discovery requests "be served sufficiently early that all responses are due before the discovery deadline." Plaintiff satisfied that requirement here, and defendant has not identified any order of the Court, rule of procedure, or case law that supports its contention that plaintiff somehow waived the right to conduct discovery during the discovery period. In addition, the requests were prompted in large part by the February 2021 production of previously undisclosed documents and the revelation that a key witness' emails had been lost. The fact that plaintiff felt the need to follow-up on these disclosures with additional discovery requests is not at all surprising. The argument that the discovery requests served on February 20, 2021, and March 18, 2021, were "too late" or "belated" is wholly unsupported. Defendant's timeliness objection is overruled.

(b) Proportionality

Defendant's proportionality objection is based on the assertions that it:

has expended significant resources, at a cost of tens of thousands of dollars, in reviewing at a minimum over 100,000 documents for responsiveness, preparing six deponents for depositions, and producing the same deponents for depositions over several days in different time zones. It has complied with its discovery obligations

---

[3] On May 13, 2021, all remaining case management deadlines were stricken pending the resolution of eight pending discovery-related motions. A new case management order will be issued, which, by agreement of the parties, will set the discovery deadline at least 60 days into the future. Dkt. # 98.

ORDER DENYING DEFENDANT'S
MOTION FOR PROTECTIVE ORDER
(DKT. #79) - 4

by producing voluminous emails from seven different custodians, including Plaintiff's supervisors and individuals who handled incentive payments, about the Houlihan project, Plaintiff's job duties on the project, her interactions with former colleagues, her incentive payment, her resignation, and detailed financials, including revenue and incentive payouts to other individuals, on the Houlihan project. In short, Defendant has produced— arguably over-produced—every document and person that would help Plaintiff establish her claims (or not).

Dkt. # 79 at 10. As discussed above, proportionality is evaluated in light of specific factors. Defendant addresses only one of those factors when it argues that plaintiff already has all of the information relevant to her claim such that the burden or expense of further production outweighs its likely benefit. This issue will be considered below in the context of each individual discovery request. Defendant has not addressed the importance of the issues at stake in the litigation or about which plaintiff seeks discovery, its resources compared to plaintiff's resources, whether the tens of thousands of dollars it has spent reviewing and producing documents poses a hardship, the amount in controversy, or how plaintiff could obtain the information in a more efficient or economical way. Fed. R. Civ. P. 26(b)(1). Unlike many of the cases defendant cites, it provides no information regarding how difficult the requested searches might be, the number of hits generated, or the time/cost of a privilege review. Defendant, as the party resisting discovery, bears the initial burden of making a specific objection and showing that the discovery fails the proportionality calculation mandated by Rule 26(b). *See Craig Coley v. Ventura Cty.*, No. 2:18CV10385-PA(JDEx), 2020 WL 8414040, at \*5 (C.D. Cal. June 8, 2020)*; Carr v. State Farm Mut. Auto. Ins. Co.*, 312 F.R.D. 459, 468-69 (N.D. Tex. 2015). It has not satisfied its burden.

(c) Relevance

Finally, defendant argues that the information sought is not relevant to the claims or defenses asserted in this litigation. Having reviewed the individual discovery requests and giving plaintiff's Amended Complaint a fair reading, the objection is overruled.

**(2) Request for Production No. 30 (Fifth Set)**

Request for Production No. 30 requests production of the texts, instant messages, and emails sent to or from five Tech Mahindra employees between May 1, 2017, and December 31, 2017, and that mention "Danielle" or "Llera." The five individuals were not on the original list of custodians identified in the first set of discovery requests served in July 2019. Their involvement in discussions regarding plaintiff's incentive pay and separation was first revealed in the documents produced in February 2021. In addition, three of the five custodians were identified as persons who communicated with, and therefore were an alternative source of emails for, the witness whose accounts were lost.

Defendant objects to Request for Production No. 30 on the grounds that it is duplicative of defendant's production of "emails that contain the five custodians identified . . . on the exact issue of Plaintiff's incentive pay on February 10[, 2021]" and that it is "not proportionate given what has already been produced, and will without a doubt produce non-responsive documents." Dkt. # 79 at 10-11. As plaintiff points out, the fact that Vikram Paryani saved - and defendant ultimately produced - some emails to or from the five custodians does not mean that all responsive texts, instant messages, and emails have been produced. Plaintiff has limited her request to communication about herself that occurred within a seven month period: there is no indication that performing the search would be cumbersome or expensive, and defendant has not

ORDER DENYING DEFENDANT'S
MOTION FOR PROTECTIVE ORDER
(DKT. #79) - 6

provided any data regarding the number of hits or the costs associated with their review.

Defendant also asserts that the request is moot as to three of the identified custodians because they left the company before plaintiff served her pre-litigation demand letter and their accounts were not retained. If defendant is no longer in possession of the requested documents, it must explain how, when, and why they were destroyed. Regardless of the fate of the accounts of Amit Suryawanshi, Aruna Preetam, and Sucharita Palepu, the accounts of Poornima Prasad and Akanksha Yadav are apparently still intact and must be searched for responsive communications.

**(3) Request for Production No. 31 (Fifth Set)**

Plaintiff seeks production of "all documents relating to Hub Sales reference number INC000004446020, that was opened in response to a query from Danielle Llera. (*See* LLERA00000133.)" Dkt. # 88-3 at 5. In December 2016, following the closing of the Houlihan deal, plaintiff requested information regarding her commission through Tech Mahindra's HUB sales system. She would like to know what became of that inquiry. There is evidence that her supervisor, Nitin Mohan, attempted to keep plaintiff from discovering information that would inform the commission calculation. Dkt. # 53-5. The information plaintiff seeks will help her ascertain whether defendant ignored her HUB sale system inquiry or intentionally declined to provide the requested information. Plaintiff asserts that the inquiry has a unique 15-digit reference number and that she is requesting that defendant search its electronically-stored information for that number.

Defendant objects to the inquiry, arguing that it should not have to bear "the burden of searching a universe of documents for materials responsive to an overbroad request whose purpose is unclear 1.5 years after this litigation started." Dkt. # 87 at 6. Whether defendant hid

ORDER DENYING DEFENDANT'S
MOTION FOR PROTECTIVE ORDER
(DKT. #79) - 7

information regarding the commission plaintiff could expect from the Houlihan project, eventually driving her out of the company, is relevant to her claims. Defendant does not explain why searching for a 15-character reference number would be difficult or expensive or how such a targeted search could reasonably be characterized as overbroad. A protective order is not warranted.

(4) Request for Production No. 32

Request for Production No. 32 requests that defendant search the electronic accounts of Nitin Mohan and Harshul Asnani for references to "Anuradha" or "Menon" but not including her email address over a seven month period in 2017. There is evidence that Nitin Mohan, plaintiff's supervisor, planned to place Anuradha Menon in plaintiff's sales lead position with T-Mobile at the end of 2017. Dkt. # 53-6 at 3-4. Whether defendant had a plan to replace plaintiff with a woman of Indian descent is relevant to her claim of race and national origin discrimination.

Defendant asserts that plaintiff was not replaced by Ms. Menon and that it has already produced electronically-stored information regarding Ms. Menon and plaintiff. The search defendant performed was one of its own choosing, however, and required reference to "Anuradha," "T-Mobile" and "Danielle" to generate a hit. Plaintiff, on the other hand, is proposing a broader search to find out whether her supervisor and Mr. Asnani were discussing Ms. Menon during the key time period. Defendant offers no reason to suppose that it would be difficult, time-consuming, or expensive to run the search as plaintiff has requested in Request for Production No. 32. Supplementation will be required.

ORDER DENYING DEFENDANT'S
MOTION FOR PROTECTIVE ORDER
(DKT. #79) - 8

**(5) Interrogatory No. 25 (Sixth Set), Requests for Admission 17, 18, and 20, and Requests for Production Nos. 34 and 35 (Sixth Set)**

In August 2019, Harish Arukala's electronically-stored information was lost in "an unexpected system crash." Dkt. # 80 at ¶ 32. Defendant received a pre-filing notice of plaintiff's claims in November 2018, this lawsuit was filed in March 2019, and Mr. Arukala was identified as a relevant document custodian in plaintiff's July 2019 discovery requests. Plaintiff learned of the loss of Mr. Arukala's data in February 2021. Plaintiff would like to know what defendant did to preserve documents related to her claims and is considering a spoliation motion if the facts warrant such relief.

Defendant objects, arguing that a litigation hold was issued as soon as it had notice of plaintiff's claims, that it has produced other custodians' communications that included "at least 100 emails that Mr. Arukula sent, received or was copied on," and therefore "any relevant ESI concerning Mr. Arukala was preserved and produced." Dkt. # 87 at 7-8. Plaintiff points out that counsel's instruction to hold documents for litigation does not reveal what was actually done. Defendant's assertion that the witness' ESI was preserved and produced is little more than speculation given the lack of information regarding what previously existed. Regardless, defendant asserts that it "is not refusing to respond" to these discovery requests, it just wants the Court "to manage Plaintiff's disorganized approach to litigation in this case and order that written discovery is complete, or at least complete before depositions move forward." Dkt. # 87 at 7 n. 6. The Court declines to direct the order in which plaintiff chooses to utilize the discovery tools and finds the timing and scope of plaintiff's inquiries regarding document preservation appropriate. Supplementation will be required.

ORDER DENYING DEFENDANT'S
MOTION FOR PROTECTIVE ORDER
(DKT. #79) - 9

**(6) Other Discovery Requests**

In its motion for protective order, defendant asserts that Request for Production No. 33 and Requests for Admission 5, 8-11, and 13-16 are duplicative, untimely, burdensome, harassing, and not proportionate to the needs of the case. These assertions were abandoned in reply.

For all of the foregoing reasons, defendant's motion for protective order (Dkt. # 79) is DENIED.

Dated this 29th day of June, 2021.

*Mwt S Lasnik*

Robert S. Lasnik
United States District Judge

ORDER DENYING DEFENDANT'S
MOTION FOR PROTECTIVE ORDER
(DKT. #79) - 10